**LEACH KERN GRUCHOW ANDERSON SONG**
SEAN L. ANDERSON
Nevada Bar No. 7259
sanderson@lkglawfirm.com
RYAN D. HASTINGS
Nevada Bar No. 12394
E-mail: rhastings@lkglawfirm.com
2525 Box Canyon Drive
Las Vegas, Nevada 89128
Telephone:   (702) 538-9074
Facsimile:    (702) 538-9113

**SQUIRE PATTON BOGGS (US) LLP**
Gregory A. Davis *(pro hac vice forthcoming)*
gregory.davis@squirepb.com
Gregory Schneider *(pro hac vice forthcoming)*
gregory.schneider@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
*Attorneys for Financial Industry
Regulatory Authority, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE<br><br>PEE PEE POP TRUST, PEE PEE POP TRUST II, PEE PEE POP TRUST III, MAN CUB TRUST, MAN CUB TRUST II, MAN CUB TRUST III, DATED JULY 22, 2013. | Case No.:<br><br>**NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Financial Industry Regulatory Authority, Inc. ("FINRA") hereby removes the above entitled action from the Second Judicial District Court of the State of Nevada in and for the County of Washoe, to this Court.

This case was filed by John Hurry as trustee of the Pee Pop Trust, Pee Pop Trust II, Pee

Case 3:19-cv-00240-MMD-CBC   Document 1   Filed 05/09/19   Page 2 of 7

Pee Pop Trust III, Man Cub Trust, Man Cub Trust II, and Man Cub Trust III, Dated July 22, 2013 (collectively, the "Trusts") in the Second Judicial District Court, Washoe County, Nevada (Case No. PR19-00231). The Trusts' causes of action all relate to the exercise of FINRA's regulatory oversight, and the application and enforcement of FINRA rules to its members in the exercise of FINRA's delegated authority under the federal securities laws. [*See* Petition to Assume Jurisdiction ("Petition") at 1–2, attached hereto as **Exhibit A**.]

FINRA files this Notice of Removal without prejudice to, and specifically reserves the right to, raise any jurisdictional arguments in the future as permitted by the Federal Rules of Civil Procedure. For the purposes of this Notice of Removal, the grounds for removal are as follows:

**Statement of Jurisdiction**

1. FINRA, previously known as the National Association of Securities Dealers, is a private not-for-profit Self-Regulatory Organization ("SRO"), which since 1939 has been the only registered national securities association in the United States. See *Turbeville v. FINRA*, 874 F.3d 1268, 1270 n.2 (11th Cir. 2017).

2. Plaintiffs are a series of Nevada trusts that own non-party broker dealers Scottsdale Capital Advisors Corporation ("SCA") and Alpine Securities Corporation ("Alpine"). SCA and Alpine are FINRA members.

3. As FINRA members, SCA and Alpine are subject to a comprehensive federal statutory plan for "cooperative regulation" of the securities market, "under which [SROs] . . . exercise a primary supervisory role subject to ultimate SEC control." See *Sparta Surgical v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). The Securities Exchange Act of 1934 requires FINRA to establish rules for its members "designed to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade, . . . and, in general, to protect investors and the public interest . . . ." 15 U.S.C. § 78o-3(b)(6). FINRA is also required by the Exchange Act to "enforce compliance by its members and persons associated with its members," and to "appropriately discipline[]" such persons for violation of FINRA's rules or the Exchange Act. 15 U.S.C. § 78o-3(b)(2), (7). Pursuant to the Securities

-2-

Exchange Act of 1934, FINRA may initiate enforcement proceedings against members for violations of its rules, and final decisions in those proceedings are subject to an exclusive review process first by the Securities and Exchange Commission and ultimately a United States Court of Appeals. *Scottsdale Capital Advisors Corp. v. FINRA, Inc.*, 844 F.3d 414, 418 (4th Cir. 2016).

4. A FINRA enforcement proceeding against SCA and Alpine that addresses the exact issue raised by the Trusts' petition—SCA and Alpine's failure to provide the trust documents to FINRA—is currently pending before FINRA, specifically FINRA disciplinary proceeding numbers FPI190001 and FPI190002 (STAR numbers 20190622633 and 20190622637). [*See* March 19, 2019 Notice of Suspension Pursuant to FINRA Rule 9552 to SCA ("SCA Suspension"), attached hereto as **Exhibit B**; March 19, 2019 Notice of Suspension Pursuant to FINRA Rule 9552 to Alpine ("Alpine Suspension"), attached hereto as **Exhibit C**; Order Rescheduling Hearing Date and Certain Pre-Hearing Deadlines, attached hereto as **Exhibit D**.]

5. Indeed, those proceedings are currently pending to determine if SCA's and Alpine's registration should be suspended for failure to produce documents related to the Trusts. [*See* SCA Suspension at 2–3 ("[Membership Application Program ('MAP')] specifically notified [SCA] that MAP will need to review the trust documents for all trusts referenced in [SCA's] letter [regarding the Man Cub Trust and Pee Pee Pop Trust] so that MAP could ascertain the ownership structure of the firm."); Alpine Suspension at 2–3 ("MAP specifically notified [Alpine] that MAP will need to review the trust documents for all trusts referenced in Alpine's letter [regarding the Man Cub Trust and Pee Pee Pop Trust] so that MAP could ascertain the ownership structure of the firm.").

6. A hearing date on FINRA's enforcement proceedings is currently set for June 18, 2019. Through this action, the Trusts are trying to undermine and circumvent those enforcement proceedings.

7. Indeed, the Trusts seek in their Petition (at 1) "an order that statutory *'Certifications of Trust in Lieu of Trust Instruments'* . . . are sufficient proof of the existence and terms of the Trusts to satisfy the requirements for continued membership in FINRA, to enjoin

1  FINRA from terminating those memberships for failure to provide actual trust instruments and
2  other information protected from disclosure . . . ." This is an issue in the underlying enforcement
3  proceedings before FINRA.

4     8. The Trusts thus seek a judicial determination regarding FINRA's oversight
5  authority under the Securities and Exchange Act, 15 U.S.C. § 78o-3, to regulate, admit, and
6  demand information from its members.

7     9. The Trusts' requested relief is improper and cannot be decided as a matter of state
8  law because federal law preempts state law jurisdiction over FINRA proceedings. *See Sparta*
9  *Surgical v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("Because
10 [plaintiff's] complaint sought relief based upon violation of exchange rules, subject matter
11 jurisdiction was specifically [and exclusively] vested in the federal district court under the
12 Exchange Act . . . ."). Indeed, federal law provides that "[t]he district courts of the United States
13 and the United States Courts of any territory or other place subject to the jurisdiction of the
14 United States shall have ***exclusive jurisdiction*** of violations of this chapter or the rules and
15 regulations thereunder, and of all suits in equity and actions at law brought to enforce any
16 liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. §
17 78aa (emphasis added); *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 370 (1996)
18 (section 78aa of the Exchange Act "confers exclusive jurisdiction upon the federal courts
19 for suits brought to enforce the Act or rules and regulations promulgated thereunder").
20 Accordingly, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331
21 because the Trusts' claim regarding FINRA's application of its rules arises under the laws of the
22 United States.

23    10. The Trusts also seek a declaratory judgment regarding their obligations to
24 disclose trust documents under Nevada law. [Petition at 1–2.] This Court has supplemental
25 jurisdiction over the Trusts' declaratory judgment claim because it is so related to the Trusts'
26 claim regarding FINRA's regulatory actions that it forms "part of the same case or controversy
27 under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

28    11. This Court also has jurisdiction over this action pursuant 28 U.S.C. § 1332

LEACH KERN GRUCHOW ANDERSON SONG
2525 Box Canyon Drive, Las Vegas, Nevada 89128
Telephone: (702) 538-9074 – Facsimile (702) 538-9113

because the Trusts (all Nevada entities) are diverse from FINRA, a Delaware corporation with its principal place of business in Washington, District of Columbia. The amount in controversy exceeds $75,000 because the Trusts allege that failure to enjoin FINRA will result in a "total loss of their business[es]," which, upon information and belief, are valued at significantly more than $75,000.

**Venue**

12. The United States District Court for the District of Nevada is the proper place to file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) because this district and division embraces Washoe County, Nevada, in which this action was filed and is pending.

**Timeliness of Removal**

13. Removal of this action to this Court is timely under 28 U.S.C. § 1446(b)(1) because this Notice of Removal is filed within 30 days after FINRA first received a copy of the Trusts' petition, which was mailed to FINRA's statutory agent for service and received on May 3, 2019. [*See* Letter to FINRA from CSC, a true and correct copy of which is attached hereto as **Exhibit E**.]

**Pleadings, Process, Orders, and Notice**

14. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon, or otherwise received by, FINRA are attached hereto as **Exhibit F**.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Second Judicial District Court of Washoe County, Nevada promptly after the filing of this Notice of Removal. This Notice of Removal will also contemporaneously be served on the Trusts by mail and email.

…

…

…

…

…

WHEREFORE, FINRA respectfully requests that this Court assume full jurisdiction over this action now pending in the Second Judicial District Court of Washoe County, Nevada (Case No. R19-00231), and that this action be removed to the United States District Court for the District of Nevada.

Dated this 9th day of May, 2019.

**LEACH KERN GRUCHOW ANDERSON SONG**

*/s/ Sean L. Anderson*
Sean L. Anderson
Nevada Bar No. 7259
Ryan D. Hastings
Nevada Bar No. 12394
2525 Box Canyon Drive
Las Vegas, Nevada 89128

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), the undersigned, an employee of LEACH KERN GRUCHOW ANDERSON SONG, hereby certifies that on the 9th day of May, 2019, a copy of the foregoing, **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court for the United States District Court by using the Court's EM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List as follows:

William E. Peterson
(wpeterson@swlaw.com)
Janine C. Prupas
(jprupas@swlaw.com)
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501

*/s/ Robin Callaway*
An Employee of LEACH KERN GRUCHOW ANDERSON SONG