# EXHIBIT A

FILED
Electronically
PR19-00231
2019-04-26 03:09:33 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 7240960 : yviloria

$3645
William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: wpeterson@swlaw.com
          jprupas@swlaw.com

*Attorneys for Petitioners*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| IN THE MATTER OF THE | Case No. |
|---|---|
| PEE PEE POP TRUST, PEE PEE POP TRUST II, PEE PEE POP TRUST III, MAN CUB TRUST, MAN CUB TRUST II, MAN CUB TRUST III, DATED JULY 22, 2013. | Dept. No. |

## PETITION TO ASSUME JURISDICTION

This is a Petition by John Hurry, Trustee of the Pee Pee Pop Trust, Pee Pee Pop Trust II, Pee Pee Pop Trust III, Man Cub Trust, Man Cub Trust II, and Man Cub Trust III dated July 22, 2013 (collectively the "Trusts"), for this Court to assume jurisdiction over the Trusts, and, along with Interested Parties, Alpine Securities Corporation ("Alpine") and Scottsdale Capital Advisors Corporation ("Scottsdale" and collectively the "Corporations"), that are indirectly owned by the Trusts through SCA Clearing LLC and Scottsdale Capital Advisors Holdings, LLC, that are wholly owned by the Trusts (collectively "SCA"), for declaratory and injunctive relief against Financial Industry Regulatory Authority, Inc ("FINRA"). Specifically, Petitioners seek an order that statutory *"Certifications of Trust in Lieu of Trust Instruments"* as provided for under NRS 164.400 are sufficient proof of the existence and terms of the Trusts to satisfy the requirements for continued membership in FINRA, to enjoin FINRA from terminating those memberships for failure to provide actual trust instruments and other information protected from disclosure under

Nevada law, or in the alternative, if this Court or another judicial body determines that such Certificates in Lieu of Trust Instruments are not sufficient, for an order permitting the Trusts to disclose the trust instruments and other information, notwithstanding trust provisions precluding the Trustees from providing them.

Pursuant to NRS 153.010, NRS 164.010, and NRS 164.015, John Hurry, Trustee of the Trusts and the Corporations, by and through their attorneys, Snell & Wilmer L.L.P., petition the court as follows: (1) to assume jurisdiction over the Trusts, (2) to declare the rights and obligations of the Trusts and the Corporations to furnish information regarding the Trust, including copies of the trust instruments to FINRA, (3) to restrain and enjoin FINRA from demanding and compelling disclosure of all trust provisions and provide copies of the trust instruments to FINRA, as a condition of maintaining the FINRA memberships of the Corporations indirectly owned by the Trusts, and (4) in the event disclosure is required, to issue an order permitting the Trustees to provide the documents and information as the Trusts forbid such disclosure without a court order. In support of the Petition, Petitioners allege and aver as follows:

**A.    Introduction and Relief Requested.**

1.    John Hurry and his wife Justine Hurry are the Trustees of the Hurry Trust. John and Justine Hurry are residents of the State of Nevada, own multiple properties in Washoe County, and administer the Hurry Trust from numerous locations, including Washoe County, Nevada. The Hurry Trust is and was a Nevada domiciled trust under NRS 164.010.

2.    In 2017, trust counsel for John and Justine Hurry determined that solely for tax and estate planning purposes, the Hurry Trust should be divided into two and then six essentially identical trusts, with John and Justine Hurry continuing as Trustees and managing trust assets, and with the same beneficiaries. The Trusts are domiciled in the State of Nevada because the Trustees are residents of the State of Nevada, the Trusts own property in the State of Nevada, and part of the administration of the Trusts occurs in the State of Nevada. NRS 164.010(2).

3.    FINRA is a private corporation incorporated in the State of Delaware and does business nationwide, including in Nevada. FINRA is registered to do business in Nevada and

1 does business in Nevada under foreign entity no. C5791-1991. FINRA is registered with the U.S.
2 Securities and Exchange Commission ("SEC") as a private corporation that aids and assists the
3 SEC in regulating securities and brokerage firms. Of critical importance to brokers and dealers is
4 that any firm dealing with or in securities is required to be a member of FINRA, unless it is
5 regulated by a similar organization registered with the SEC.

6     4. The Corporations, indirectly owned by the Trusts through SCA, are licensed and
7 registered members of FINRA and engaged in the brokerage business in numerous states,
8 including Nevada. The Corporations are now and for many years past have been wholly owned
9 by SCA.

10     5. When the Hurry Trust acquired Scottsdale in 2011, the Corporations filed with
11 FINRA a form supplied by FINRA denominated as a Continuing Membership Application
12 ("CMA"), disclosing to FINRA that Scottsdale was being acquired by SCA, and that SCA was, in
13 turn, owned by a Hurry Trust. That application was granted, no issue was raised regarding the
14 change in ownership of Scottsdale, and FINRA did not demand any further information regarding
15 the terms or conditions of the Trust, or the trust instrument.

16     6. After the Hurry Trust was divided, and in direct response to a communication from
17 FINRA, on April 10, 2019 the Corporations filed CMAs with FINRA noting (1) that the
18 ownership of the Corporations had not changed (SCA continued to own them), (2) that legal
19 ownership of SCA itself also had not changed (it was still owned by John and Justine Hurry as
20 Trustees), (3) nor had the beneficial ownership changed (the beneficiaries remained the same), (4)
21 nor had the administration, operation or control of the Corporations, or SCA changed, (5) that
22 each trust owner of SCA was identical and administration remained with the same trustees, but
23 that the form and structure of the trust had been reformatted from a single trust instrument to six
24 separate instruments.

25     7. In addition to providing the foregoing information, the Corporations also provided
26 FINRA with Certificates of Trust In Lieu of Trust Instruments, in the exact form permitted under
27 Nevada law to prove not only the existence, but also the essential terms and conditions of the
28 Trusts. NRS 164.400 et. seq. That statute expressly provides that a trustee may present a

- 3 -

1  certification of trust to any person, in lieu of a copy of any trust instrument, to establish the
2  existence or terms of the trust, and may present such certification voluntarily or to any person on
3  request with whom the trustee is dealing. The certification must be in affidavit form and signed
4  and acknowledged by the trustee. NRS 164.410 expressly provides that the certification may
5  confirm or provide the information regarding the existence of the trust, and identify or describe
6  the settlor, trustees, powers of trustees, revocability, and other information, but need not disclose
7  the dispositive provisions of the trust. Any person receiving such certificate is expressly
8  authorized to rely on it without further inquiry and can fully enforce his or her rights against trust
9  assets in accordance with the representations in the Certificate.

10      8.   The statutory provisions providing for the "Certifications of Trust In Lieu of Trust
11  Instrument" codifies Nevada's strong public policy protecting the privacy and confidentiality of
12  Nevada Trusts, and promotes Nevada as a favorable state for the location and administration of
13  trusts. Apart from Nevada Public Policy of maintaining the confidentiality of a Nevada domiciled
14  trust, the Trusts also expressly preclude disclosure except pursuant to lawful process or court
15  order.

16      9.   FINRA declined to accept the CMAs, including the Certificates, deeming them
17  incomplete, and demanded to see all provisions of the Trusts, and be provided with copies of all
18  the trust instruments, in direct contravention of Nevada law. FINRA threatened that if such
19  information is not provided by April 25, 2019, FINRA will suspend the licenses and memberships
20  of the Corporations in FINRA, which effectively puts them out of business immediately, and
21  utterly destroys these assets of the Trusts.

22      10.  FINRA's actions are not required, demanded or even permitted under its own
23  operating rules and procedures, and also severely undermine, indeed contravene and repudiate the
24  public policy of Nevada to protect and preserve trust confidentiality, by essentially precluding
25  trusts from owning and or operating any business in the securities broker and dealer industry
26  unless they forfeit their rights under Nevada law to provide Certificates of Trust In Lieu of Trust
27  Instruments, and perhaps, as in this case, violate the Trusts by compelling disclosure of all terms
28  and conditions of the Trusts and the trust instruments without a court order.

- 4 -

11. As noted, the trust instruments contain express provisions precluding the Trustees from disclosing the terms of the Trusts or trust documents in the absence of a court order, and FINRA has no right to inflict loss and damage on the Trusts by destroying the value of their assets unless the Trusts forfeit their rights under Nevada law, disclose all information regarding their terms to FINRA, and also provide FINRA with a copy of the trust documents, at least until such time as a court of law determines that FINRA has a right to such information and trust documents, and further, that in such case, the court enters an order permitting the Trustees to provide and disclose the trust instruments.

12. The Trusts seek an order from this court declaring the rights and obligations of the Parties, and temporarily restraining FINRA from suspending the memberships of the Corporations until such time as the rights and obligations of the Parties are determined by this court or in another proceeding convened for such purpose, and in the event disclosure is required, to issue an order permitting the Trustees to disclose, and in the event disclosure is required, to issue an order permitting the Trustees to disclose.

**B.  Jurisdiction.**

13. This Court has jurisdiction under NRS 164.010 which provides that on petition of a trustee, the district court of the county in which the trustee resides or conducts business, or in which the trust is domiciled, shall assume jurisdiction of the trust as a proceeding in rem. A trust is domiciled in this state if the trustee resides in the state, or the trust owns property in the state, one or more beneficiaries resides in the state, or part of the administration occurs in the state. All of these nexuses are satisfied. When the court assumes jurisdiction (as it may under the foregoing provisions), it may consider granting orders on other matters relating to the trust, including matters that might be addressed in a declaratory judgment relating to the trust, or petitions filed pursuant to NRS 164.015 and 153.031, whenever such matters are raised in connection with a petition filed under NRS 164.010. NRS 164.015 also provides that a petition may be brought for declaratory relief that relates to the trust, all matters pertaining to the administration of trusts, matters pertaining to rights involving trustees, and other matters for appropriate relief. NRS 153.031 provides that a trustee may bring a petition regarding any aspect affecting the affairs of a

- 5 -

1  trust, including compelling compliance with applicable law and instruct the Trustees.

2      14.    Under Nevada trust law, an interested person is any person whose rights or interests in a trust may be materially affected by a decision of the court. NRS 132.185. Such person includes persons whose enforcement rights or interests may be affected by the outcome of the proceeding. The Corporations, though named as Petitioners, are also interested parties in this proceeding, as is FINRA.

    15.    NRS 164.005 provides that all provisions of Chapter 155 of the NRS apply to Chapter 164. NRS 155.180 provides that all rules of the Nevada Rules of Civil Procedure apply to Chapter 155 proceedings. This would include NRCP 65 (injunctive relief) and NRCP 57 (declaratory judgments).

**C.  Declaratory and Injunctive Relief.**

    16.    Petitioners restate and reallege each and every one of their averments above.

    17.    A real and present controversy has arisen between FINRA and Petitioners in that FINRA claims that it has the right to suspend the membership or licenses to do business of the Corporations unless the Trusts provide FINRA with complete and detailed information regarding the terms and conditions of the Trusts, and the trust instruments, and Petitioners deny that FINRA has the right to such information or the right to obtain copies of the trust instruments as a condition for maintaining membership and to avoid suspension of their memberships.

    18.    Petitioners will suffer immediate and irreparable harm in the event the memberships in the Corporations are terminated or suspended without hearing, because they will sustain a total loss of their business, business prospects and goodwill, which could never be restored, and for the additional reason that the total loss of their business will be difficult to measure or ascertain with any definiteness or certainty, and for the additional reason that the Trusts preclude disclosure absent an order of the court permitting such.

    19.    Petitioners are likely to succeed on the merits of their claims, public policy favors granting injunctive relief, and the balance of hardships and equities strongly favors Petitioners.

Wherefore, Petitioners pray,

    1.    That the Court enter an order declaring that Petitioners are not obligated to provide

FINRA with all information concerning the Trusts or copies of the trust instruments as a condition of membership in FINRA, or as a condition to avoid suspension of their membership in FINRA, until such time as the Court determines the rights and obligations of the Parties, or in the event such is required, to issue an order permitting such.

2. That the Court determine that Petitioners are not obligated to provide FINRA with all information concerning the Trusts, or copies of the trust instruments as a condition of maintaining their membership in FINRA.

3. For an order enjoining and restraining FINRA from terminating or suspending Petitioners membership in FINRA until such time as the court has determined the rights and obligations of the Parties.

4. For such further relief as the court deems just in the premises.

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated: April 26, 2019

SNELL & WILMER L.L.P.

By: *[signature]*
William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada 89501

*Attorneys for Petitioners*

# VERIFICATION

Under penalties of perjury, the undersigned declares that he is the attorney for the Petitioners named in the Petition to Assume Jurisdiction of Trusts and For Order Granting Declaratory and Injunctive Relief Against Financial Industry Regulatory Authority, and knows the contents thereof, that the Petition is made by the undersigned because the Petitioners are absent from the County where I reside, and the matters set forth in the Petition that are based on the documents provided in my Declaration are true of my own knowledge and belief based on reasonable inquiry and that the averments and facts alleged that are not based on such, I believe to be true on information and belief after inquiry.

_____
WILLIAM E. PETERSON

STATE OF NEVADA    )
                   ) ss.
COUNTY OF WASHOE   )

On April 26, 2019, before me, the undersigned, a Notary Public in and for said State, personally appeared William E. Peterson, personally known to me or proved to me on the basis of satisfactory evidence to be the person who executed the above instrument.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC

HOLLY W. LONGE
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 96-2982-2 - Expires May 16, 2020