# EXHIBIT D

Case 3:19-cv-00240-MMD-CBC   Document 1-4   Filed 05/09/19   Page 1 of 4

**FINANCIAL INDUSTRY REGULATORY AUTHORITY**
**OFFICE OF HEARING OFFICERS**

| | |
|---|---|
| DEPARTMENT OF ENFORCEMENT, | |
| Complainant, | Expedited Proceeding |
| | Nos. FPI190001 |
| v. | FPI190002 |
| ALPINE SECURITIES CORP. | STAR Nos. 20190622633 |
| (CRD No. 14952), | 20190622637 |
| and | Hearing Officer–RES |
| SCOTTSDALE CAPITAL ADVISORS CORP. | |
| (CRD No. 118786), | |
| Respondents. | |

**ORDER RESCHEDULING HEARING DATE**
**AND CERTAIN PRE-HEARING DEADLINES**

On April 22, 2019, I held a pre-hearing conference ("PHC") with the Department of Enforcement and Respondents Alpine Securities Corporation and Scottsdale Capital Advisors Corporation, through their counsel. Prior to the consolidation of these two separate expedited proceedings, the Office of Hearing Officers scheduled the hearings for May 7 and 9, 2019. In the PHC, I suggested that the consolidated hearing be held May 9, 2019. However, I have been informed that Enforcement's two witnesses have scheduling conflicts on that date involving time scheduled out of the office and previously scheduled work engagements. Respondents do not object to rescheduling the hearing date. The parties suggested the week of June 10, 2019, but I am unavailable that week.

For these reasons, I find that good cause exists for rescheduling the hearing for **June 18, 2019**. Unless otherwise ordered, the hearing will begin at 10 a.m. Eastern Time.

In the PHC, Respondents requested that the hearing be held in-person rather than by telephone, and I granted leave for Respondents to file a motion to that effect. I also gave Enforcement the opportunity to file an opposition or response to the motion. The parties agreed on the deadlines for Respondents' motion and Enforcement's opposition or response, and those deadlines are in the amended pre-hearing schedule below. The parties will be notified in a subsequent order whether the hearing will be held in-person or by telephone.

The pre-hearing schedule is amended as follows:[1]

| | |
|---|---|
| April 24, 2019 | Respondents shall file their motion to hold the hearing in-person. |
| May 1, 2019 | Enforcement shall file its opposition to Respondents' motion to hold the hearing in-person. |
| June 4, 2019 | The parties shall file with the Office of Hearing Officers and exchange, by email, facsimile, or overnight courier, their pre-hearing submissions, which shall include a list of all witnesses they expect to call in the hearing, a list of all exhibits they intend to offer, and copies of all proposed exhibits. |
| | The parties may file and exchange, if they choose, pre-hearing briefs not to exceed ten (10) double-spaced pages in length. |
| | The parties shall file stipulations to relevant and undisputed facts, including the authenticity, content, and admissibility of specified documents.[2] |
| June 11, 2019 | Pursuant to FINRA Rules 9559(i) and 9262, for any witness testifying in the hearing who is subject to FINRA jurisdiction or is a FINRA employee, the party presenting the witness shall file with the Office of Hearing Officers a notarized declaration or affidavit from the witness stating that his or her testimony in the hearing will be truthful. |
| | For any other witness, the party presenting the witness shall file with the Office of Hearing Officers a written sworn statement that the testimony given in the hearing will be truthful. |

---

[1] Insofar as they are consistent with this Order, the provisions in the two April 11, 2019 Notices of Hearing and Case Management and Scheduling Orders, issued in the consolidated cases, shall remain in full force and effect.

[2] This due date is without prejudice to the parties' ability to stipulate to pertinent facts at any stage of the proceeding. The parties are encouraged to reach stipulations, if any, before the hearing begins.

> The party presenting a witness shall ensure that the witness has, at the time of testifying, copies of all exhibits that relate to the witness's direct testimony, as well as any exhibits that the opposing party may designate for use on cross-examination. Additionally, the party presenting a witness shall ensure that the witness will be available for a block of time when it is reasonable to expect that the witness will be called to testify in the hearing, so that the hearing is not unduly disrupted if the testimony of prior witnesses is longer or shorter than expected.

June 18, 2019                Hearing at 10 a.m. Eastern Time.

**SO ORDERED**.

_____
Richard E. Simpson
Hearing Officer

Dated: April 24, 2019

Copies to:
    Maranda E. Fritz, Esq. (via email and first-class mail)
    Meredith MacVicar, Esq. (via email and first-class mail)
    Ann-Marie Mason, Esq. (via email)
    Lara Thyagarajan, Esq. (via email)