William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: wpeterson@swlaw.com
jprupas@swlaw.com

*Attorneys for Petitioners*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE<br><br>PEE PEE POP TRUST, PEE PEE POP TRUST II, PEE PEE POP TRUST III, MAN CUB TRUST, MAN CUB TRUST II, MAN CUB TRUST III, DATED JULY 22, 2013. | Case No.   3:19-cv-00240-MMD-CBC |

## OPPOSITION TO MOTION TO DISMISS

COMES NOW Petitioners John Hurry, Trustee of Pee Pee Pop Trust, Pee Pee Pop Trust II, Pee Pee Pop Trust III, Man Cub Trust, Man Cub Trust II and Man Cub Trust III dated July 22, 2013 (collectively, the "Trusts"), and Alpine Securities Corporation ("Alpine") and Scottsdale Capital Advisors Corporation ("Scottsdale" and collectively, the "Corporations") and hereby oppose Financial Industry Regulatory Authority, Inc.'s ("FINRA") Motion to Dismiss (Motion) as follows:

### I.   Introduction.

This Opposition, in conjunction with Petitioners' Motion to Remand, establishes that this court does not have jurisdiction over the subject matter of the Removed Case, and under *Dennis v. Hart*, 724 F.3d 1249 (9th Cir. 2013) has no authority to undertake any action with respect to this matter except to remand the case back to state court. The foregoing will demonstrate that (1) this court does not have federal question or diversity jurisdiction, (2) the matters raised in the Petition otherwise qualify for the probate exception to the exercise of federal question and diversity jurisdiction, and (3) in the event the court exercises "partial removal" jurisdiction over less than

the entire removed "action", the parts not accepted should be remanded to the state court and not dismissed.

FINRA's Motion emphasizes its admittedly important role in regulating the activities of broker dealers engaged in the business of marketing and trading securities in the United States, and its important function as a self-regulatory organization (SRO) registered with the Securities and Exchange Commission under 15 U.S.C. 78o-3 that exercises disciplinary control and authority over its members to enforce compliance with the Securities Laws. 15 U.S.C. 78o-(3)(b). Nonetheless, FINRA remains a private, not for profit corporation, subject to the same requirements as all other private entities to establish a proper basis for the exercise of federal jurisdiction and is also subject to the same standards as all other private entities in establishing the requirements for obtaining an order dismissing this case under FRCP 12.

While this Opposition addresses only the latter requirements, it necessarily involves the former because some of the reasons precluding the exercise of jurisdiction in this matter (discussed in Petitioners' Motion to Remand) also preclude the relief requested in FINRA's Motion. In addition, in order to support its arguments, FINRA misstates or re-characterizes Petitioners' claims, which are much broader in scope than as represented in the Motion, and are not subject to dismissal under Rule 12. In fact, FINRA avoids addressing them, and instead focuses only on the remedies, (and, not even all the remedies) some of which cannot even be addressed by this court for the reason that this court does not have jurisdiction over the claims. FINRA also recites all the past history of litigation between FINRA and the Hurry Family, which only further serves to distract the court from the issues presented in this matter, and that is because that history is unrelated to the present matter.

## II. The Issue Presented is Whether this Court has Jurisdiction over Nevada Probate Proceedings.

The real issue before this court is whether a Petition filed by the trustees of six Nevada domiciled trusts with a Nevada State Probate Court requesting that the probate court assume jurisdiction over the trusts as proceedings "in rem" for the purpose of entering or granting orders on various matters relating to those trusts (including issuing instructions to the trustees regarding

the disclosure of trust documents currently prohibited by the trust), are subject to a Rule 12(b) dismissal in federal court. This question is neither posed nor answered by FINRA in its Motion. Instead, FINRA advances the somewhat paradoxical position that while a case can only be removed from state court to a federal court that has original jurisdiction over the claim, FINRA's Motion is predicated on the proposition that this court *does not have subject matter jurisdiction* over the removed action. See Motion page 6 lines 3 -10.

This anomaly arises out of FINRA's misunderstanding of the scope and nature of state court trust and estate proceedings, which are uniquely constituted by state legislatures to deal with the myriad of problems and issues that arise during the course of administration of trusts and estates. Such matters include powers to confirm the appointment of trustees, remove trustees, validate trusts and trust provisions, invalidate trusts and trust provisions, construe trusts, determine rights powers privileges under trusts, ascertain beneficiaries, settle accounts, review actions of trustees, (including discretionary acts), instructing trustees, granting powers to trustees, fixing compensation, modifying trusts, terminating trusts, dividing trusts, or conforming trusts to tax provisions, and various other powers. NRS 153.031 et. seq. None of these matters fall within the original jurisdiction of federal courts on the basis of diversity or federal question, nor should they.

Much of the law and literature on this topic is collected under the umbrella or heading of the "*probate exception*" to the exercise of federal jurisdiction, also discussed in Petitioners' Motion to Remand. Because there is considerable overlap between the jurisdictional and Rule 12 analysis, the doctrine is also addressed here in the specific context of whether the Petition can survive a motion to dismiss under FRCP 12(b)(1), (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), and 12(b)(6) (failure to state a claim upon which relief can be granted). See Motion, page 1, line 22.

**III.   Somewhat Paradoxically, Petitioners Agree with FINRA that this Court Does Not Have Subject Matter Jurisdiction.**

This is because federal courts have no jurisdiction over the administration of trusts. The remedy for this defect, however, is not a Rule 12(b) dismissal, but rather a remand to the state

- 3 -

court which does have jurisdiction over such matter. While FINRA's Motion focuses on Petitioners' request to the state court to declare that furnishing a certificate of trust in a form specified by Nevada law satisfies a trustee's obligations to establish the existence and terms of a trust to any person (as expressly provided for under NRS 164.400), FINRA entirely overlooks Petitioners' request for instructions regarding the disclosures of the actual trust instruments, which is expressly prohibited by the trust instruments. See Petition, Document 1-1 page 2, lines 12-15, page 5, lines 1-9. No judicial, arbitral or administrative body has the power or jurisdiction to assume "in rem" jurisdiction over the trusts, to instruct trustees, and modify or relax the provisions of trust instruments, other than a Nevada state probate court having "in rem" jurisdiction over the trust, as well as all persons having any interest in the trust that might be affected by such judicial action.

## IV.  The Petition is an "In Rem" Probate Proceeding.

The Petition that FINRA seeks to have this court dismiss is a Petition expressly authorized under Nevada's probate code, NRS 164.010 and NRS 164.015, that was filed in the Probate Department of the Second Judicial District Court, Dept. PR case No. PR19-00231 in April 2019. The Petition asked the court to (1) assume "in rem" jurisdiction over the trusts (required to issue orders binding all parties interested in the trust), (2) to declare rights and obligations of the trustees under the trust instrument regarding the disclosure of the trust instrument and its provisions, (3) to instruct the trustees regarding the disclosure of the trust instrument and its provisions (which is prohibited by the trust instruments), and, (4) to enjoin FINRA from terminating the membership interests of Alpine Securities Corporation and Scottsdale Capital Advisors Corporation, pending judicial determination of the trust's rights and obligations with respect to such disclosure.

FINRA's Motion exclusively focuses on the last request, and ignores the rest of the Petition, but FINRA's legal analysis is faulty even with respect to that limited issue. On a common sense macro level, it should be obvious that this Court cannot assume jurisdiction over the entire Petition, and then dismiss the entire Petition on the ground that it does not have jurisdiction over the Petition. Such action would deprive the trustees of any forum to obtain the

instruction and relief they need under Nevada law, and to even provide the trust information that FINRA is itself demanding on threat of de-licensure of Alpine and Scottsdale. Should FINRA prevail on its motion, where should the trustees go to obtain instructions and who will instruct them?

NRS 164.010 was amended by the Nevada legislature in 2015 to confer expansive jurisdiction by Nevada probate courts over trusts and trustees in order to keep Nevada competitive with other states that have also enacted favorable tax laws, and substantive and procedural trust laws, all for the purpose of attracting the location of trusts to Nevada. See e.g. Nevada Laws Provide Top Trust Situs, 18-May *Nevada Lawyer* 20 ("Nevada historically has been considered a favorable jurisdiction for forming and maintaining a trust… These progressive laws, coupled with an income tax free environment and relatively generous execution exemptions, have allowed the state to make its way onto the short list of go-to states for estate planning and asset protection."); Worthington and Merric, January 2014 *Trusts and Estates* (Top Tier Jurisdictions; In our view, the four top tier jurisdictions remain South Dakota, Delaware, Alaska and Nevada.").

NRS 164.010 (1) provides that "on petition of any person appointed as a trustee of an express trust (as here), the court in which any trustee resides or conducts business … ***shall assume jurisdiction of the trust as a proceeding 'in rem'***." When the court assumes jurisdiction "it has jurisdiction of the trust as a proceeding 'in rem' as of the date of the filing of the petition." NRS 164.010 (5). In such case the court also obtains personal jurisdiction over any trustee confirmed by the court, and any person appearing in the matter.

When the court exercises such jurisdiction, it may also consider granting orders on various other matters relating to the trust, including any matters that might be addressed by way of declaratory relief or matters that might be raised in a petition pursuant to NRS 153.031, NRS.164.015, and NRS 30.040 (declaratory relief). Some of the matters that may be addressed in an NRS 164.010 Petition (by way of NRS 153.010) are listed above, and they include modifying and relaxing the terms and conditions of trusts, and instructing trustees, including instructing them that under certain circumstances they may disclose that trust's terms even if prohibited by

the trust instrument (as here).

Similarly, NRS 164.015 provides that the court has *exclusive jurisdiction* of proceedings initiated by the petition of an interested person concerning the internal affairs of a nontestamentary trust, including trust administration, declarations of rights, and determinations of various matters involving trustees and beneficiaries, including any petition for appropriate relief. This would include modifying a trust or instructing trustees to permit acts prohibited by the trust such as disclosing its terms and conditions. After a hearing on such matters, the decision of the court is binding "in rem" on all Interested Persons. 164.015 (6).

An Interested Person is any person whose right or interest under an estate or trust may be materially affected by a decision of a fiduciary, or a decision of the court. NRS 132.185. Neither FINRA's motion nor its Notice of Removal identifies the capacity in which it is appearing, or has appeared (albeit FINRA has made clear that regardless of the capacity in which it is appearing, it is appearing only for the purpose of contesting jurisdiction). Otherwise, FINRA has made clear that its objection to this or any judicial proceeding pertains to any relief a court may grant that would interfere with FINRA's interpretation and application of its own internal rules. As set forth below, the Petition raises no such issues, but even if it did, FINRA seeks to have this court dismiss the Petition in its "entirety," including those parts that have nothing to do with FINRA.

The assumption of "in rem" jurisdiction over the trusts by the Probate Court, the exercise of in personum jurisdiction over the trustees by the probate court, and the issuance of instructions to the Petitioners' trustees, comprise a significant portion of the Petition filed with the Probate court, all of which is outside the jurisdiction of this court for the reason that those matters do not involve or implicate federal questions, nor do they involve completely diverse parties. In fact, they do not really involve civil claims or civil actions at all. More importantly, however, in the context of the Motion, they do not involve claims against or that are adverse to FINRA.

The anomaly presented by FINRA arguing on the one hand that this court has subject matter jurisdiction on grounds that there is complete diversity of parties, as well as a federal question, and its motion to dismiss on grounds that this court lacks subject matter jurisdiction, arises out of the fact that FINRA's removal petition is defective, as explained below.

- 6 -

### V. To Advance Its Argument with Respect to Its Motion and Its Removal, FINRA Misstates and Mischaracterizes the Petition.

FINRA recognizes that the Petition raises issues or "claims" that are not "originally" cognizable in federal court by pointing out that this court has "supplemental jurisdiction" over the Trust's declaratory judgment claim, because it is so related to the Trust's claim regarding FINRA's regulatory actions that it forms "part of the same case or controversy" under Article III of the U.S. Constitution. Notice of Removal, Document 1, page 4, lines 24-27. This is wrong. A Petition asking the state court to assume "in rem" jurisdiction over a Nevada Trust, to declare the rights and obligations of trustees under the trust instrument with respect to the disclosure of information, and a petition to instruct the trustees to relax, or modify the trust to permit an action otherwise prohibited by the express terms of the trust instrument are not "supplementary" or 'ancillary' to the trust's disputes with FINRA. As noted above, this court could not even consider, let alone grant, the relief requested in the Petition even if it wanted to because the court does not have original or supplemental jurisdiction to administer trusts, modify trusts, or to instruct trustees in an "in rem" trust proceeding under the Nevada Probate Code.

In point of fact, if removal were appropriate at all, it would be under 28 U.S.C. 1441(c) "*Joinder of Federal Law Claims and State Law Claims.*" Instead, FINRA removed the entire Petition (Action) under 28 U.S.C. 1331 (federal question), 28 U.S.C.1332 (diversity of citizenship), 28 U.S.C. 1367 (supplemental jurisdiction), 28 U.S.C.1441 (removal jurisdiction) and 28 U.S.C. 1446 (removal procedure). The paradox presented by FINRA maintaining in its Removal Petition that this court has subject matter jurisdiction, and then arguing in its Motion to Dismiss that it does not, results from FINRA's misunderstanding and misstatement in its Notice of Removal that "the Trusts' causes of action *all relate* to the exercise of FINRA's regulatory oversight, and the application and enforcement of FINRA rules to its members…" It does not. This misrepresentation is repeated in FINRA's Motion, which seeks to "dismiss *all claims* asserted by plaintiffs …" Motion, page 1, line 23; Motion, page 17, lines 4: "*For the foregoing reasons all plaintiffs' claims should be dismissed with prejudice.*" The defects with respect to FINRA's removal infect the Motion in a fatal way, because having removed the "entire action"

- 7 -

under 1331 and 1332, and 1441 (a) and (b), FINRA is now forced to seek dismissal of the ***entire action*** (as it is doing), leaving Petitioners with nowhere to go to obtain the relief that FINRA is itself demanding as a condition for continued membership of Alpine and Scottsdale in FINRA. In point of fact, the aforementioned probate claims are not subject to dismissal, because they do not even involve FINRA.

**VI.     There is No Diversity Jurisdiction.**

FINRA invokes diversity jurisdiction (28 U.S.C.1331) but omits to point out that FINRA is not a named defendant in "the action" at all. FINRA nowhere appears in the Petition as a named party. FINRA also alleges that its citizenship is diverse from the Trusts, which it alleges are all Nevada entities. But Trusts are not legal "entities" at all, including for purposes of determining diversity jurisdiction. It is widely recognized that a trust is not a legal entity. A trust is not an entity distinct from its trustees and capable of legal action on its own behalf. See Am Jur.2d Trusts Section 3 (2013); T. Bogert, *Bogert's Trusts and Trustees*, Section 712 (2012) ("A trust is not a legal person, nor is the trust property.) See also Johnson v. Columbia Properties, 437 F.3d 894 (9th Cir. 2006) (For diversity jurisdiction, a trust has the citizenship of its trustees).

There is no basis for this court to exercise diversity jurisdiction in this case as neither the Notice of Removal nor the Motion to Dismiss even alleges this essential requirement for the exercise of diversity jurisdiction. Moreover, neither the Notice of Removal nor the Motion to Dismiss even mentions the citizenship of all the ***"interested parties"*** to the state court proceeding, of which FINRA is only one of many. Even if there were diversity between the trustees and FINRA as to whether injunctive relief is available with respect to maintaining the status quo regarding the memberships of Alpine and Scottsdale in FINRA pending a judicial determination, that would not afford a basis for removal because, as noted above, some of the claims in the Petition do not even involve FINRA, but are rather "in rem" probate proceedings regarding the rights and duties of trustees with respect to the release of trust documents, and requests for instructions and permission to modify or relax trust provisions to permit disclosure, if necessary. See 28 U.S.C. 1141 (c).

In other words, a separate claim involving diverse parties does not afford a basis for removal because only entire "*actions*" may be removed, not "*separate claims*" (except in the case of a federal question removal discussed more fully below). See e.g. Continental Casualty Company v. Robsac Industries, 947 F2d 1367 (9th Cir. 1991) (Partial removal [claims v. actions] not permitted in diversity jurisdiction); Mason v. Medio Pictures, 2018 WL 4092039 (C.D. Calif 2018) (partial removal is only permitted for certain federal question claims). Finally, these claims also fall within the probate exception to the exercise of federal jurisdiction discussed below, over which this court has no jurisdiction and affords a separate basis for precluding the exercise of diversity jurisdiction.

## VII. There is No Federal Question.

FINRA also relies on federal question as a basis for exercising removal jurisdiction under 28 U.S.C. 1331 and 28 U.S.C. 1441 (a). FINRA's argument is entirely predicated on the relief requested in the Petition regarding maintaining the status quo as to continued membership in FINRA of Alpine and Scottsdale, pending a judicial determination of the question whether the trustees satisfy their obligation to demonstrate the existence and terms and conditions of the trust by providing a certificate of trust (in lieu of trust documents), as permitted by Nevada law. As noted above, the probate claims asserted in the Petition filed with the state court (1) to assume "in rem" jurisdiction over the trusts, (2) for declaratory relief as to the trustees' obligations to disclose, and (3) for instructions regarding disclosure (or to modify the trusts) are not claims "arising under the Constitution, laws, or treaties of the United States." They are claims and/or matters that involve the administration of trust and probate matters that are exempted from the exercise of both diversity and federal question jurisdiction, even assuming federal questions are raised, which they are not, as more fully discussed below.

There are no precise boundaries to the probate exception to the exercise of diversity and federal question jurisdiction. While the verbal formulations of the exception are fairly well-settled, their application in specific contexts is very "fact dependent." The seminal case on the subject is Marshall v. Marshall 547 U.S. 293 (2006), where the Supreme Court reversed the 9th Circuit in holding that a claim by Anna Nicole Smith against her deceased husband's stepson for

- 9 -

interference with an intended bequest from her husband in his will, (that was being probated in a Texas probate court), *was not* subject to the probate exception to the exercise of federal jurisdiction.

In reversing, the Supreme Court articulated a new formulation for the exception by identifying matters that would fall within the exception: (1) involves the administration of an estate, (2) involves the probate of a will, (3) involves any other purely probate matter, or (4) endeavors to dispose of property in the custody of a state probate court (interfere with "in rem" jurisdiction). The Supreme Court held that Ms. Smith's claim against her stepson was a garden-variety interference case, routinely cognizable in Article III courts and did not involve any of the matters described in (1) through (4) above.

The 9th Circuit recently revisited its Marshall holding and held that the probate exception would apply if the federal court were endeavoring to administer an estate, probate a will, or assume "in rem" jurisdiction. The court observed that the latter prohibition (exercise of "in rem" jurisdiction) was actually an aspect or feature of the doctrine of *"prior exclusive jurisdiction"* which does not depend on actual physical possession of property, but applies where actions are brought to "marshal assets, **administer trusts**, or liquidate estates, and in suits of similar nature, where to give effect to its jurisdiction, the court must control the property." Goncalves v. Rady Children's Hospital San Diego, 865 F.3d 1237 (9th Cir. 2017).

As noted above, the Petition filed by the trustees on April 26, 2019 under NRS 164.010 and NRS 164.015 conferred *"in rem"* jurisdiction on the Second Judicial District Court Probate Court (NRS 164.010(1)(5)), and sought specific relief under the Probate Statutes (NRS 153.031), that was "purely probate" in both substance and procedure, in seeking a determination of the trustees' rights and obligations regarding the disclosure of trust instruments, and special instructions from the probate court to relax or modify the requirements of the trust, if necessary.

While some circuits have declined to apply the probate exception to intervivos trusts, most circuits do, including the 9th Circuit, in recognition of the fact that intervivos trusts are merely testamentary or "will" substitutes. See e.g., Goncalves, supra, and In re Marshall, 392 F.3d 1118, 1135 (plaintiff "cannot avoid the probate exception simply by stating that the trust which she

- 10 -

claims was to be created for her benefit was an inter vivos trust"), overruled on other grounds by Marshall, supra, 547 U.S. at 311. In addition, some circuits have held that the exception does not apply to federal question jurisdiction (only diversity jurisdiction), but most circuits do, including the 9th Circuit. In Re Marshall, supra.

       The upshot of all the foregoing is that the probate exception precludes the exercise of jurisdiction by this court on the basis of both diversity of citizenship (which does not exist in any event), or on the basis of federal question, except as may be permitted in the limited context or under the special rubric of 28 U.S.C. 1441 (c), which permits a court to "sever" federal claims from state claims, retain the former for adjudication, and remand the latter. For all the reasons set forth above, however, it would not be appropriate for the court to dismiss the Petition in its entirety, as requested by FINRA, and FINRA *did not* remove under 28 U.S.C. 1441(c) which renders its removal defective.

       For the reasons set forth below, however, it would also not be appropriate to dismiss even the latter, but to remand it as well for the reason that the claim regarding the trustees' rights and FINRA's obligations to accept a certificate of trust to prove both the existence and terms of the trust also do not arise under the Constitution, laws, or treaties of the United States, but rather are exclusively based on NRS 164.400, which provides that *"[A] trustee may present a certification of trust to any person, in lieu of a copy of the trust instrument, to establish the existence or terms of the trust. The trustee may present the certification voluntarily or at the request of the person with whom the trustee is dealing."*

       As set forth in the Trustees' Motion for Temporary Restraining Order, Document 1-6 at page 8, this statute was enacted in furtherance of Nevada's strong public policy to protect and preserve the confidentiality of trusts. That policy, manifested in the adoption of NRS 164.400, fully accommodates the needs of the public to know or understand when they are doing business with a trust that they are, in fact, dealing with a trust, that such persons have all the essential information they need to assess the risks of doing business with a trust by being informed of the essential terms of the trust when doing business with it, and that they are protected by being furnished with a copy of the Trust Certificate in Lieu of Trust Instrument which they are

- 11 -

authorized to rely on, with all trust assets serving as security for such reliance. That important Nevada public policy would be defeated if "persons" are able to ignore the statute, and demand copies of the trust instruments.

As a private corporation, FINRA is a person under the statute. NRS 132.260 (Person includes a natural person, organization, government or a governmental subdivision, agency, or instrumentality). Petitioners seek an order or declaration, pursuant to Nevada law, (NRS 164.1400) that furnishing a copy of the trust certificate in compliance with the statute, satisfies any requirement to demonstrate the existence or terms of the trust. This is not a claim that is based on or arises under the Federal Constitution, laws or treaties of the United States. Petitioners do not seek to enjoin any FINRA enforcement proceedings, nor do they assert that FINRA has violated any rule or duty in requiring Alpine and Scottsdale to file Continuing Member Applications. Petitioners do not, in their Petition, claim FINRA violated any right, or breached any duty in connection with requiring Petitioners to file Continuing Membership Applications, nor do they challenge FINRA's right to review and evaluate them. In the absence of any such challenges, no federal claim is even asserted that is subject to dismissal.

## VIII. This Court's Jurisdiction is Limited to Remand.

The issue before this court is controlled by the 9th Circuit's holding in Dennis v. Hart, 724 F.3d 1249 (9th Cir. 2013). In that case, the 9th Circuit reversed a district court that had assumed jurisdiction over a securities complaint, dismissed portions of the complaint, and remanded to state court the remainder. The 9th Circuit concluded that *"the district court lacked jurisdiction to do anything other than remand them (all claims) to state court...If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case."* The district court had assumed jurisdiction on the ground that the complaint alleged violations of the federal Dodd-Frank Act. In reversing, the 9th Circuit stated: *"As a general rule the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."* The defendants argued that the well-pleaded complaint rule actually conferred jurisdiction because the pleading referred to

- 12 -

the federal "say on pay rule" (Dodd-Frank) and was otherwise suffused with references to the shareholder vote required by Dodd-Frank. But the court reiterated that repeated references to federal law was not sufficient to confer jurisdiction under the well-pleaded complaint rule, which provides that federal question jurisdiction exists "*only when a federal question is presented on the face of plaintiff's well-pleaded complaint.*" The court held that federal question jurisdiction did not attach because the plaintiff's complaint alleged state, not federal causes of action. "*As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims.*" Petitioners' Petition likewise raises no "federal claims" of any kind.

The court also rejected the defendant's arguments (also raised by FINRA here) that federal question jurisdiction existed under (1) the "Securities Exchange Act," (2) the significant Federal Issue rule, and (3) the complete preemption doctrine. The complaint, however, did not advance any claim based on violation of Exchange Act rules, and the court rejected federal question jurisdiction on the basis of a "significant federal issue." The court rejected the defendant's characterization of the claim as seeking to impose liability based on the "*say on pay rule*", which was prohibited by federal law. While the plaintiffs disputed that characterization, the court said it was also actually irrelevant, (as it would be here) as the most that the defendants could get out of that contention was a very viable federal defense, which was not sufficient to confer federal question jurisdiction.

Finally, the court also rejected the defendant's "*preemption argument*" (also raised by FINRA here) noting that there was nothing in the Exchange Act generally, or specifically, that suggested that Congress intended to totally displace state law. In fact, the court cited to its earlier holding that the Exchange Act did not fully displace state law so as to invoke complete preemption. See Lippit v. Raymond James Fin. Serv. Inc., 340 F.3d 1033 (9th Cir. 2003). The court concluded that because removal was improper, the district court lacked jurisdiction to do anything other than remand the entire matter back to the state court, and therefore vacated its entire order, including the order dismissing claims.

The foregoing principles have been applied by several courts in the specific context of FINRA disputes. In Lickiss v. FINRA, 2011 WL 2471022 (N.D. Cal. 2011), FINRA removed a

claim filed in state court to compel FINRA to expunge disciplinary records under a state statute. Under FINRA rules, FINRA had an obligation to maintain records. FINRA removed, and the plaintiff moved to remand. Because FINRA was the party invoking removal it had the burden of establishing federal subject matter jurisdiction. The court noted that under the Securities laws, federal courts had exclusive jurisdiction of all suits in equity and actions at law to "enforce" any liability or duty created by this title [15 U.S.C. 78a et seq.] or the rules or regulations thereunder. This would include FINRA rules approved by the SEC.

The question before the court then was whether the complaint sought to *"enforce a duty created by the Securities Exchange Act or the rules and regulations thereunder."* The court noted that it had concluded in a previous case involving FINRA rules, that federal question jurisdiction was conferred in any action seeking to *"enforce those rules."* Sparta Surgical Corp. v. National Association of Securities Dealers, Inc., 159 F.3d 1209 (9th Cir. 1998). But the court held that Sparta was irrelevant to the analysis because FINRA was not arguing that the plaintiff was seeking *"to enforce a duty specifically created by one of its own rules."* The court noted that all the cases cited by FINRA in support of petition for removal were cases where the complaint involved a plaintiff's efforts *to enforce* a specific duty that the National Association of Securities Dealers had failed to carry out, or had otherwise breached. In the case before it, however, the plaintiff was asking the court to compel FINRA to expunge records, and that neither the plaintiff, nor FINRA had identified any specific *"duty"* FINRA had to expunge. In such event, and given the lack of preemption, the plaintiff's state law claim survived, and the matter was remanded. Other courts have employed similar analyses and reached the same conclusion. Spalding v. FINRA, 2013 WL 1129396 (N.D. Ga. 2013) (no federal claim because there was no claim for violation or enforcement of a FINRA rule, and there was no preemption); Godfrey v. FINRA, 2016 WL 4224956 (C.D. Calif. 2016) (no claim for violation of, or for enforcement of any FINRA rule, and no preemption).

The Petition in this case similarly does not allege that FINRA violated any provision of the Exchange Act or any particular FINRA rule. Rather, the complaint merely seeks a judicial declaration that FINRA is a person, as defined by Nevada Law (indeed FINRA is a corporation

- 14 -

that has qualified to do business in Nevada), and that its request for copies of Petitioners' Trust Instruments is satisfied under Nevada law by providing a certificate of the trust instruments, as specifically provided for under Nevada law, and that it should not be permitted to revoke the membership interests of Alpine or Scottsdale until after a judicial determination of the matter. Under the foregoing authorities, FINRA's Motion to Dismiss should be denied on grounds that this court has no subject matter jurisdiction over the Petition at all, and that all this court can or should do is remand this matter to state court for disposition under Dennis v. Hart, supra).

### IX.   FINRA's Argument that there are no Private Rights of Action under FINRA and That It is Immune from Suit are Specious.

A brief review of FINRA court filings and judicial determinations indicates that FINRA routinely argues on motions to dismiss that its rules create no private rights of action, and that it is immune from suit. These arguments are block-and-paste space fillers, as the numerous cases in the Westlaw and Lexis data banks disclose hundreds, if not thousands, of FINRA cases involving FINRA, including the few cited herein, where FINRA was subject to adjudications in both state and federal courts.

The simple answer to both contentions is that the Petition is not based or predicated on any violation of FINRA or Security Act Rules, and therefore there is no issue as to whether any of its rules create a private right of action. Petitioners are not suing or making any claim for violation of FINRA rules but rather asserting state claims under state law. Similarly, FINRA may be immune from suit for damages based on its activities, but the Petition does not seek any damages from FINRA based on any of its activities, nor even, as noted above, for violation or enforcement of its own rules or regulations. As stated, the Petition raises only state law claims, including some matters involving purely probate matters, as to which this court has no jurisdiction at all.

### X.   FINRA is Subject to Nevada's Long-Arm Statute (NRS 14.065)

Given FINRA's self-promotion as a national securities association, and the only officially registered national securities association under the Exchange Act, with regulatory power over all broker dealer firms throughout the United States, and a key part of the securities markets

everywhere, with offices everywhere, and, in particular, qualified as a foreign corporation to do business and doing business in Nevada, and its claim to have jurisdiction over persons or entities affiliated with any broker dealer, any and everywhere in the United States, including persons or entities owning or controlling member firms, its claim that it is not subject to jurisdiction in Nevada with respect to its demand for full disclosure of Nevada trust instruments, is difficult to comprehend. See e.g., Charles Schwab v. FINRA, 861 F. Supp.2d 1063 (N.D. Calif. 2012); FINRA rule 1011 definition of Affiliated Person.

FINRA's qualification to do business in Nevada, which it is obviously doing on a daily basis, is set forth in the records of the Nevada Secretary of State and it is registered as a foreign entity doing business in Nevada under certificate No. C5791-1991. Under Nevada's Long-arm statute (applicable to this case), an entity is subject to the jurisdiction of this state if it is doing business here, has an office here (FINRA's registered agent is Corporation Service Company in Las Vegas), or on "any basis not inconsistent with the constitution of this state or the constitution of the United States."

Under NRS 14.065, even one purposeful act having effects in Nevada are sufficient to support jurisdiction. Falen v. Cervi Livestock, Inc., 581 F. Supp. 883 (D. Nev. 1984). Furthermore, jurisdiction was conferred on the Nevada Probate Court under NRS 164.010 which provides that the court has "in rem" jurisdiction over any Nevada trust if any trustee resides in Nevada, or the trust owns any property in Nevada, both of which are alleged in the petition, Document 1-1, page 2. The court also has jurisdiction over any Interested Person who appears in the action. Id. FINRA cannot prevent the exercise of "in rem" jurisdiction by a Nevada court over a Nevada trust by declining to appear and be heard with respect to any matter about which it may be interested. The jurisdictional prerequisites to the exercise of jurisdiction over these Nevada domiciled trusts were laid out in the Petition which FINRA moved. The Nevada court plainly has "in rem" jurisdiction over the Nevada trust, and this court cannot deprive the probate court from exercising its jurisdiction through FINRA's request to dismiss the Petition on grounds that FINRA is not subject to jurisdiction here. This matter should be remanded to state court where

FINRA can either appear and be heard, or decline to be heard and assert its jurisdictional defenses to whatever orders the probate court issues that may affect FINRA.

## XI. Conclusion.

Petitioners' Petition invoked the "in rem" jurisdiction of a Nevada State Probate Court over probate matters seeking a declaration of the rights and obligations of trustees with respect to trust requirements to maintain the confidentiality of trust instruments, and requests for instructions regarding disclosure, if necessary, to protect the assets of the trust. None of these claims raise federal questions, and FINRA has otherwise failed to establish diversity jurisdiction.

Moreover, these are "in rem" proceedings that are purely probate in scope and nature, subject to the probate exception for the exercise of both federal question and diversity jurisdiction. While there is an exception for "partial removal" of claims based on federal question jurisdiction, there is no exception for partial removal of claims based on diversity. As a result, there is no diversity jurisdiction as removal requires the removal of entire actions, not claims, and the probate exception precludes removal based on diversity jurisdiction. While partial removal is available under federal question jurisdiction, the proper procedure is to remand the state law or probate claims back to state court, and assume jurisdiction over the federal claim, under U.S.C. 1441(c). Removal, however, was not sought under 28 U.S.C. 1441(c) and therefore removal was improper and this court has no jurisdiction. Finally, even if removal were sought on that basis, this court still has no jurisdiction to proceed because there is no federal question presented at all. Petitioners' claims are based entirely on state law, and do not seek to enforce or assert any claims for violation of any FINRA rules.

Dated: June 7, 2019

SNELL & WILMER L.L.P.

By: /s/ William E. Peterson
William E. Peterson, No. 1528
Janine C. Prupas, No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada 89501

*Attorneys for Petitioners*

- 17 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: June 7, 2019

By _____
An employee of Snell & Wilmer L.L.P.