**LEACH KERN GRUCHOW ANDERSON SONG**
SEAN L. ANDERSON
Nevada Bar No. 7259
sanderson@lkglawfirm.com
RYAN D. HASTINGS
Nevada Bar No. 12394
E-mail: rhastings@lkglawfirm.com
2525 Box Canyon Drive
Las Vegas, Nevada 89128
Telephone:     (702) 538-9074
Facsimile:     (702) 538-9113

**SQUIRE PATTON BOGGS (US) LLP**
Gregory A. Davis *(pro hac vice)*
gregory.davis@squirepb.com
Gregory Schneider *(pro hac vice)*
gregory.schneider@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
*Attorneys for Financial Industry
Regulatory Authority, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE<br><br>PEE PEE POP TRUST, PEE PEE POP TRUST II, PEE PEE POP TRUST III, MAN CUB TRUST, MAN CUB TRUST II, MAN CUB TRUST III, DATED JULY 22, 2013. | Case No.: 3:19-cv-00240-MMD-CBC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

## **Introduction**

In their Opposition to Motion to Dismiss of Financial Industry Regulatory Authority, Inc. ("FINRA"), plaintiffs Pee Pee Pop Trust; Pee Pee Pop Trust II; Pee Pee Pop Trust III; Man Cub Trust; Man Cub Trust II; and Man Cub Trust III, Dated July 22, 2013 (collectively, the "Trusts") rely almost exclusively on the argument that this Court must remand the action to state court without ruling on FINRA's Motion to Dismiss. [*See* Opposition to Motion to Dismiss (Doc. 16)

at 1–14.] But the Trusts' assertion that remand is necessary lacks merit, as FINRA explained in its Opposition to Motion to Remand, which is filed contemporaneously herewith. [*See generally* Opposition to Motion to Remand.]

This Court may consider FINRA's Motion to Dismiss, and should grant it for all the reasons stated therein. Indeed, the Trusts do not even dispute that dismissal is appropriate for any claims challenging ongoing FINRA enforcement proceedings or alleging a violation of FINRA rules. The Trusts merely contradict their own Complaint and falsely contend that they are not seeking to interfere with FINRA. [*See* Opposition to Motion to Dismiss (Doc. 16) at 6.] The Complaint's prayer for relief makes plain that the opposite is true. [*See* Petition to Assume Jurisdiction (Doc. 1-1) (the "Complaint") at 6–7 (seeking declaratory and injunctive relief against FINRA).] Furthermore, the Trusts' assertion that this Court has personal jurisdiction over FINRA merely because FINRA is registered to do business in Nevada and has a statutory agent in Nevada is contrary to the Supreme Court's holding in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

## Argument

### I. The Exchange Act's Exclusive Review Process Requires Dismissal.

The Trusts do not dispute that any challenges to ongoing FINRA enforcement proceedings must be routed through the exclusive review process established by the Securities Exchange Act of 1934 (the "Exchange Act"), and that all actions brought in state and federal courts outside of that exclusive review process must be dismissed. Nor could they, given that the legal authority in support of FINRA's position is legion. [*See* Motion to Dismiss (Doc. 11) at 7.]

Instead, the Trusts argue that their claims are unrelated to the ongoing enforcement proceeding against Scottsdale Capital Advisors Corporation ("Scottsdale") and Alpine Securities Corporation ("Alpine") (collectively, the "Broker-Dealers"), and that the Complaint "do[es] not involve claims against or that are adverse to FINRA." [*See* Opposition to Motion to Dismiss (Doc. 16) at 6.] The Trusts' Complaint tells a different story, and lays bare the Trusts' intent to collaterally attack the ongoing enforcement proceeding by trying to dictate its holding. Indeed, the Trusts seek "an order declaring that [the Broker-Dealers] are not obligated to provide FINRA

-2-

with . . . the trust instruments . . . as a condition to avoid suspension of their membership in FINRA," despite the fact that the nature and extent of the Trusts' ownership interest in the Broker-Dealers (and the nature and extent of the Hurrys' authority over the Trusts) precipitated the ongoing enforcement proceeding.  [*Compare* Complaint (Doc. 1-1) at 6–7 *to* Scottsdale Notice of Suspension (Doc. 1-2) and Alpine Notice of Suspension (Doc. 1-3).]

This Court cannot grant the Trusts' requested relief without impacting the resolution of the ongoing FINRA enforcement proceeding against the Broker-Dealers, and for that reason alone the claims against FINRA should be dismissed.

## II.     **The Trusts Impermissibly Allege That FINRA Violated Its Own Rules.**

The Claims against FINRA should also be dismissed because they are all predicated on FINRA's alleged violation of FINRA Rule 1017, regarding which there is no private right of action.  See *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("It is undisputed . . . that a party has no private right of action against an exchange for violating its own rules or for actions taken to perform its self-regulatory duties under the [Exchange] Act."); *Desiderio v. NASD*, 191 F.3d 198, 208 (2d Cir. 1999) ("[T]here is no private right of action available under the Securities Exchange Act to . . . challenge an exchange's failure to follow its own rules.") (citation omitted); *MM&S Fin., Inc. v. NASD*, 364 F.3d 908, 912 (8th Cir. 2004) ("Any attempt by [plaintiff] to bypass the Exchange Act by asserting a private breach of contract claim . . . is fruitless."); *In re Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 114 (D.C. Cir. 2008) ("[C]ourts have consistently found Congress's intent under the Exchange Act precludes common law causes of action, and we agree with the reasoning of our sister circuits."); *Turbeville v. FINRA*, 874 F.3d 1268, 1273 (11th Cir. 2017) ("[W]e hold that no private right of action exists for SRO members and associated persons to sue SROs for violating their own internal rules.").

The Trusts' response to this impenetrable wall of precedent is to declare that the Complaint asserts only "claims under state law . . . involving purely probate matters." [Opposition to Motion to Dismiss (Doc. 16) at 15.]  That argument is both irrelevant and wrong.

1       It is irrelevant because even "claims under state law" can assert a violation of FINRA
2  rules, and thus require dismissal for lack of a private right of action.  In each of the cases cited
3  above, the claims were dismissed despite that the plaintiffs—like the Trusts here—artfully pled
4  their FINRA rules violation claims as state law causes of action.  The dispositive issue is not
5  whether the Trusts have clothed their claims in state-law garb, but whether the "claims cannot be
6  decided without adjudging FINRA's adherence to its internal rules."  *Turbeville*, 874 F.3d at
7  1275.

8       Here, it is beyond dispute that the Trusts' claims necessarily depend on whether FINRA
9  complied with FINRA Rule 1017.  Far from not seeking to "interfere with FINRA's
10 interpretation and application of its own internal rules," the Complaint alleges that "FINRA's
11 actions are not required, demanded or even permitted under its own operating rules."
12 [Opposition to Motion to Dismiss (Doc. 16) at 6; Complaint (Doc. 1-1) ¶ 10.]  The Complaint
13 also seeks a judicial declaration that the "Petitioners are not obligated to provide FINRA with . . .
14 copies of the trust instruments," which directly contradicts FINRA's interpretation and
15 application of FINRA Rule 1017.  [*See* Scottsdale Notice of Suspension (Doc. 1-2); *see also*
16 Alpine Notice of Suspension (Doc. 1-3).]  Indeed, if FINRA is authorized under FINRA Rule
17 1017 to request the trust instruments—and suspend the FINRA memberships of the Broker-
18 Dealers if those instruments are not provided—then the Trusts cannot obtain the declaratory and
19 injunctive relief they seek.  *See Sparta*, 159 F.3d at 1212.

20      The Trusts' argument is wrong because the Complaint does not involve "purely probate
21 matters."  [Opposition to Motion to Dismiss (Doc. 16) at 15.]  In fact, the Complaint does not
22 involve probate matters as all.  There is no decedent; no will to probate; no estate to administer.
23 Nor is there any property over which the Court must assume jurisdiction to distribute.  And
24 despite that the Trusts recite at length all the probate relief they hypothetically could have
25 sought—"confirm the appointment of trustees, remove trustees, validate trusts and trusts
26 provisions, invalidate trusts and trust provisions, construe trusts, determine rights powers [and]
27 privileges under trusts, ascertain beneficiaries, settle accounts, review actions of trustees,
28 (including discretionary acts), instructing trustees, granting powers to trustees, fixing

LEACH KERN GRUCHOW ANDERSON SONG
2525 Box Canyon Drive, Las Vegas, Nevada 89128
Telephone: (702) 538-9074 – Facsimile (702) 538-9113

compensation, modifying trusts, terminating trusts, dividing trusts, or conforming trusts to tax provisions"—the Trusts did not seek any of it. [Complaint (Doc. 1-1) at 3.] There is not a single claim in the Complaint that does not directly challenge FINRA's application of FINRA Rule 1017 to the Broker-Dealers, and as such there is not a single claim regarding which the Trusts have a private right of action. *See, e.g.*, *Sparta*, 159 F.3d at 1213.

### III.  **This Court Lacks Personal Jurisdiction Over FINRA.**

FINRA is a Delaware corporation that has its principal place of business in Washington, D.C. [Declaration of Marcia Asquith (Doc. 11-1) ("Asquith Dec.") ¶¶ 3–4.] FINRA has no offices or employees in Nevada, no mailing address or telephone numbers in Nevada, and owns no real estate in Nevada. [*Id.* at ¶¶ 5, 6, 9, 10.] Despite that, the Trusts suggest that it "is difficult to comprehend" why personal jurisdiction is lacking given that FINRA exercises "regulatory power over all broker dealer firms throughout the United States." [Opposition to Motion to Dismiss (Doc. 16) at 15–16.]

The Supreme Court's opinion in *Daimler AG v. Bauman* provides the answer. General personal jurisdiction is limited to the forums where the defendant can be deemed "essentially at home." *Daimler*, 134 S. Ct. at 761. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 766 n.20. Thus, absent "exceptional" circumstances, the forums that may exercise general personal jurisdiction over a company are limited to its "formal place of incorporation" and "principal place of business." *Id.* at 760–61 n.19. That broker-dealers FINRA regulates may be located in Nevada is irrelevant to the jurisdictional analysis because "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

Likewise, the Trusts' observation that FINRA is qualified to do business in Nevada and has an agent for service of process in Nevada does not allow this Court to exercise personal jurisdiction over FINRA. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 578 (9th Cir. 2011) ("[T]he appointment of an agent for the service of process . . . does not confer personal jurisdiction over the Companies."); *see also Freeman v. Second Judicial Dist. Court*, 116 Nev.

550, 552, 558 (2000) (Being licensed to conduct business in Nevada and having an agent for service of process in Nevada does not subject a company to personal jurisdiction in Nevada courts.); *see also* Hunt v. Auto-Owners Ins. Co., No. 2:15-cv-00520-JCM-NJK, 2015 U.S. Dist. LEXIS 75099, at *10 n.2 (D. Nev. June 10, 2015) ("Plaintiff also alleges that defendants are licensed to conduct business in Nevada. . . . [T]his allegation, as well as the fact that defendants may be subject to service of process in Nevada, does not establish personal jurisdiction in this case.").

## **Conclusion**

For the foregoing reasons, all plaintiffs' claims against FINRA should be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 21st day of June, 2019.

**LEACH KERN GRUCHOW ANDERSON SONG**

*/s/ Sean L. Anderson*
Sean L. Anderson
Nevada Bar No. 7259
Ryan D. Hastings
Nevada Bar No. 12394
2525 Box Canyon Drive
Las Vegas, Nevada 89128

-6-

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), the undersigned, an employee of LEACH KERN GRUCHOW ANDERSON SONG, hereby certifies that on the 21st day of June, 2019, a copy of the foregoing, **REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of the Court for the United States District Court by using the Court's EM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List as follows:

William E. Peterson
(wpeterson@swlaw.com)
Janine C. Prupas
(jprupas@swlaw.com)
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501

*/s/ Robin Callaway*
An Employee of LEACH KERN GRUCHOW ANDERSON SONG