# EXHIBIT 1 – FINRA RULE 1017

EXHIBIT 1 – FINRA RULE 1017



[Print]

## 1017. Application for Approval of Change in Ownership, Control, or Business Operations

### (a) Events Requiring Application

A member shall file an application for approval of any of the following changes to its ownership, control, or business operations:

(1) a merger of the member with another member, unless both are members of the New York Stock Exchange, Inc. or the surviving entity will continue to be a member of the New York Stock Exchange, Inc.;

(2) a direct or indirect acquisition by the member of another member, unless the acquiring member is a member of the New York Stock Exchange, Inc.;

(3) direct or indirect acquisitions or transfers of 25 percent or more in the aggregate of the member's assets or any asset, business or line of operation that generates revenues composing 25 percent or more in the aggregate of the member's earnings measured on a rolling 36-month basis, unless both the seller and acquirer are members of the New York Stock Exchange, Inc.;

(4) a change in the equity ownership or partnership capital of the member that results in one person or entity directly or indirectly owning or controlling 25 percent or more of the equity or partnership capital; or

(5) a material change in business operations as defined in Rule 1011(k).

### (b) Filing and Content of Application

(1) The member shall file with the Department the application in the manner prescribed by FINRA.

(2) An applicant shall submit an application that includes a Form CMA including a detailed description of the change in ownership, control, or business operations.

(A) If the application requests approval of a change in ownership or control, the application also shall include the names of the new owners, their percentage of ownership, and the sources of their funding for the purchase and recapitalization of the member.

(B) If the application requests the removal or modification of a membership agreement restriction, the application also shall:

(i) present facts showing that the circumstances that gave rise to the restriction have changed; and

(ii) state with specificity why the restriction should be modified or removed in light of the standards set forth in Rule 1014 and the articulated rationale for the imposition of the restriction.

(C) If the application requests approval of an increase in Associated Persons involved in sales, offices, or markets made, the application shall set forth the increases in such areas during the preceding 12 months.

### (c) Effecting Change and Imposition of Interim Restrictions

(1) A member shall file an application for approval of a change in ownership or control at least 30 days prior to such change. A member may effect a change in ownership or control prior to the conclusion of the proceeding, but the Department may place new interim restrictions on the member based on the standards in Rule 1014, pending final Department action.

(2) A member may file an application to remove or modify a membership agreement restriction at any time. An existing restriction shall remain in effect during the pendency of the proceeding.

(3) A member may file an application for approval of a material change in business operations, other than the modification or removal of a restriction, at any time, but the member may not effect such change until the conclusion of the proceeding, unless the Department and the member otherwise agree.

### (d) Rejection Of Application That Is Not Substantially Complete

If the Department determines within 30 days after the filing of an application that the application is not substantially complete, the Department shall reject the application and deem it not to have been filed. In such case, within the 30 day period, the Department shall serve a written notice on the Applicant of the Department's determination and the reasons therefor. FINRA shall refund the application fee, less $500, which shall be retained by FINRA as a processing fee. If the Applicant determines to continue to apply for approval of a

change in ownership, control, or business operations, the Applicant shall submit a new application under this Rule and fee pursuant to Schedule A to the FINRA By-Laws.

#### (e) Request for Additional Documents and Information

Within 30 days after the filing of an application, the Department shall serve a request for any additional information or documents necessary to render a decision on the application. The Department may request additional information or documents at any time during the application process. Unless otherwise agreed to by the Department and the Applicant, the Applicant shall file such additional information or documents with the Department within 30 days after the Department's request.

#### (f) Withdrawal of Application

If an Applicant withdraws an application within 30 days after filing the application, FINRA shall refund the application fee, less $500, which shall be retained by FINRA as a processing fee. If the Applicant determines to again apply for approval of a change in ownership, control, or business operations, the Applicant shall submit a new application under this Rule and fee pursuant to Schedule A to the FINRA By-Laws.

#### (g) Membership Interview

(1) The Department may require the Applicant to participate in a membership interview within 30 days after the filing of the application, or if the Department requests additional information or documents, within 30 days after the filing of the additional information or documents by the Applicant.

(2) At least seven days before the membership interview, the Department shall serve on the Applicant a written notice that specifies the date and time of the interview and persons who are required to participate in the interview. The Department shall serve the notice by facsimile or overnight courier. The Applicant and the Department may agree to a shorter or longer period for notice or a different method of service.

(3) Unless the Department and the Applicant otherwise agree, the membership interview shall be conducted in the district office for the district in which the Applicant has its principal place of business.

(4) During the membership interview, the Department shall review the application and the considerations for the Department's decision set forth in paragraph (h)(1) with the Applicant's representative or representatives. The Department shall provide to the Applicant's representative or representatives any information or document that the Department has obtained from the Central Registration Depository or a source other than the Applicant and upon which the Department intends to base its decision under paragraph (h). If the Department receives such information or document after the membership interview or decides to base its decision on such information after the membership interview, the Department shall promptly serve the information or document and an explanation thereof on the Applicant.

#### (h) Department Decision

(1) The Department shall consider the application, the membership interview, other information and documents provided by the Applicant or obtained by the Department, the public interest, and the protection of investors. In rendering a decision on an application submitted under Rule 1017(a), the Department shall consider whether the Applicant and its Associated Persons meet each of the standards in Rule 1014(a). Where the Department determines that the Applicant or its Associated Person are the subject of any of the events set forth in Rule 1014(a)(3)(A) and (C) through (E), a presumption exists that the application should be denied. The Applicant may overcome the presumption by demonstrating that it can meet each of the standards in Rule 1014 (a), notwithstanding the existence of any of the events set forth in Rule 1014(a)(3)(A) and (C) through (E).

(A) In rendering a decision on an application for approval of a change in ownership or control, or an application for approval of a material change in business operations that does not involve modification or removal of a membership agreement restriction, the Department shall determine if the Applicant would continue to meet the standards in Rule 1014(a) upon approval of the application.

(B) In rendering a decision on an application requesting the modification or removal of a membership agreement restriction, the Department shall consider whether maintenance of the restriction is appropriate in light of:

(i) the standards set forth in Rule 1014;

(ii) the circumstances that gave rise to the imposition of the restriction;

(iii) the Applicant's operations since the restriction was imposed;

(iv) any change in ownership or control or supervisors and principals; and

(v) any new evidence submitted in connection with the application.

(2) The Department shall serve a written decision on the application within 30 days after the conclusion of the membership interview or the filing of additional information or documents, whichever is later. If the Department does not require the Applicant to participate in a membership interview or request additional information or documents, the Department shall serve a written

7/8/2019
Case 3:19-cv-00240-MMD-CBC Document 26-1 Filed 07/08/19 Page 4 of 4
finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=13474&print=1

decision within 45 days after the filing of the application under paragraph (a). The decision shall state whether the application is granted or denied in whole or in part, and shall provide a rationale for the Department's decision, referencing the applicable standard in Rule 1014.

(3) If the Department fails to serve a decision within 180 days after filing of an application or such later date as the Department and the Applicant have agreed in writing, the Applicant may file a written request with the FINRA Board requesting that the FINRA Board direct the Department to issue a decision. Within seven days after the filing of such a request, the FINRA Board shall direct the Department to issue a written decision immediately or to show good cause for an extension of time. If the Department shows good cause for an extension of time, the FINRA Board may extend the time limit for issuing a decision by not more than 30 days.

(4) If the Department approves an application under this Rule in whole or part, the Department may require an Applicant to file an executed membership agreement.

**(i) Service and Effectiveness of Decision**

The Department shall serve its decision on the Applicant in accordance with Rule 1012. The decision shall become effective upon service and shall remain in effect during the pendency of any review until a decision constituting final action of FINRA is issued under Rule 1015 or 1016, unless otherwise directed by the National Adjudicatory Council, the FINRA Board, or the SEC.

**(j) Request for Review; Final Action**

An Applicant may file a written request for review of the Department's decision with the National Adjudicatory Council pursuant to Rule 1015. The procedures set forth in Rule 1015 shall apply to such review, and the National Adjudicatory Council's decision shall be subject to discretionary review by the FINRA Board pursuant to Rule 1016. If the Applicant does not file a request for a review, the Department's decision shall constitute final action by FINRA.

**(k) Removal or Modification of Restriction on Department's Initiative**

The Department shall modify or remove a restriction on its own initiative if the Department determines such action is appropriate in light of the considerations set forth in paragraph (h)(1). The Department shall notify the member in writing of the Department's determination and inform the member that it may apply for further modification or removal of a restriction by filing an application under paragraph (a).

**(l) Lapse or Denial of Application for Approval of Change in Ownership**

If an application for approval of a change in ownership lapses, or is denied and all appeals are exhausted or waived, the member shall, no more than 60 days after the lapse or exhaustion or waiver of appeal:

(1) submit a new application under this Rule and fee pursuant to Schedule A to the FINRA By-Laws;

(2) unwind the transaction; or

(3) file a Form BDW.

For the protection of investors, the Department may shorten the 60-day period. For good cause shown by the member, the Department may lengthen the 60-day period. The Department shall serve written notice on the Applicant of any change in the 60-day period and the reasons therefor. During the 60-day or other imposed period, the Department may continue to place interim restrictions on the member for the protection of investors.

Amended by SR-FINRA-2019-009 eff. May 8, 2019.
Amended by SR-FINRA-2013-015 eff. Feb. 5, 2013.
Amended by SR-FINRA-2012-018 and SR-FINRA-2012-036 eff. Aug. 27, 2012.
Amended by SR-FINRA-2012-031 eff. July 23, 2012.
Amended by SR-FINRA-2008-008 eff. June 26, 2008.
Amended by SR-NASD-2003-07 eff. March 24, 2004.
Amended by SR-NASD-99-67 eff. Nov. 15, 2000.
Amended by SR-NASD-97-81 eff. Jan. 16, 1998.
Adopted by SR-NASD-97-28 eff. Aug. 7, 1997.

**Selected Notices:** 00-73, 04-10, 12-32, 12-33, 13-11.

© FINRA. All rights reserved.