**LEACH KERN GRUCHOW ANDERSON SONG**
SEAN L. ANDERSON
Nevada Bar No. 7259
sanderson@lkglawfirm.com
RYAN D. HASTINGS
Nevada Bar No. 12394
E-mail: rhastings@lkglawfirm.com
2525 Box Canyon Drive
Las Vegas, Nevada 89128
Telephone:     (702) 538-9074
Facsimile:      (702) 538-9113

**SQUIRE PATTON BOGGS (US) LLP**
Gregory A. Davis *(pro hac vice)*
gregory.davis@squirepb.com
Gregory Schneider *(pro hac vice)*
gregory.schneider@squirepb.com
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
*Attorneys for Financial Industry Regulatory Authority, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE<br><br>PEE PEE POP TRUST, PEE PEE POP TRUST II, PEE PEE POP TRUST III, MAN CUB TRUST, MAN CUB TRUST II, MAN CUB TRUST III, DATED JULY 22, 2013. | Case No.: 3:19-cv-00240-MMD-CBC<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to this Court's Order Setting Case Management Conference (Doc. 15) and Minute Order dated July 2, 2019 (Doc. 25), plaintiffs Pee Pee Pop Trust, Pee Pee Pop Trust II, Pee Pee Pop Trust III, Man Cub Trust, Man Cub Trust II, Man Cub Trust III, Dated July 22, 2013 (collectively, the "Trusts"), and defendant Financial Industry Regulatory Authority, Inc. ("FINRA") hereby submit their joint case management report.

-1-

### I. Nature of the Case

This case arises out of the plaintiffs' Petition to Assume Jurisdiction ("Petition") for the Nevada Probate Court to assume jurisdiction under NRS 164.400. Plaintiffs seek remedies that include instructions to Trustees or modifications to the Trust and injunctive and declaratory relief relating to an ongoing FINRA enforcement proceeding pending an ultimate judicial determination of issues before FINRA. FINRA contests the applicability of Nevada law to its regulatory activity taken pursuant to the Exchange Act, and Petitioners claim such activity does not relate.

### II. Principal Factual and Legal Disputes in the Case

This case does not appear to involve a factual dispute. The principal legal dispute involves the Trusts' rights and responsibilities under Nevada law and whether such law has any impact on or applicability to FINRA and its regulatory activity claimed to be taken pursuant to the Exchange Act.

### III. Jurisdictional Bases for the Case

The jurisdictional bases for the case appearing in federal court are set forth in detail in FINRA's Statement Regarding Removal (Doc. 12) and its opposition to the Trusts' Motion to Remand (Doc. 22) and are incorporated herein by reference. The Trusts contest jurisdiction in federal court and have filed a Motion to Remand (Doc. 17) which has been fully briefed.

### IV. Status of Service

All parties to this action have been served and have answered or otherwise appeared.

### V. Additional Parties / Amending the Pleadings

The parties do not at this time anticipate adding additional parties or amending the pleadings.

### VI. Contemplated Motions

Other than the motions already filed, the parties contemplate that they may file motions for summary judgment in the event the Court does not dismiss this action.

**VII. <u>Pending Motions</u>**

Currently pending before the Court are FINRA's Motion to Dismiss (Doc. 11) and the Trusts' Motion to Remand (Doc. 17).  The parties agree to await rulings on those motions prior to engaging in the discovery or disclosures required and permitted pursuant to this Court's local rules and the Federal Rules of Civil Procedure.

**VIII. <u>Related Cases</u>**

There are no state or federal cases related to this action.  The subject matter of this action relates directly to ongoing FINRA enforcement proceedings.

**IX. <u>Supplemental Discussion of Necessary Discovery</u>**

    **A.**     **Extent, nature, and Location of Discovery**

The parties anticipate that limited discovery will be necessary in this matter, as the dispute relates primarily to whether plaintiffs may obtain injunctive or declaratory relief against FINRA on the basis of Nevada law.  Accordingly, the parties do not believe phased discovery is appropriate, and discovery may be limited narrowly to the legal issues raised by the Trusts' Petition.  Discovery will occur electronically, with the exception of any depositions which will occur in Nevada or in Washington, D.C.

    **B.**     **Suggested Revisions to Discovery imposed by the Federal Rules and LR 26-1(b)**

The parties do not propose any revisions to the discovery imposed the Federal Rules or LR 26-1(b).

    **C.**     **Number of Hours Permitted for Each Deposition**

The parties agree that depositions, if any, shall be limited to 4 hours unless otherwise agreed or ordered by the Court.

**X. <u>Electronically Stored Information</u>**

The parties do not anticipate any particular issues about disclosure, discovery, or preservation of electronically stored information.  If any such issues arise, the parties agree to promptly bring them to the Court's attention.  The parties agree that electronically stored information will be produced either in its native format or in

electronically searchable PDF format.

## XI. Claims of Privilege or Work Product

FINRA claims privilege regarding any and all discovery that the Trusts may seek regarding its investigation into, or non-public regulatory action taken against, John Hurry, Justine Hurry, or any entities they own or control, and objects to the production of any documents related to the same. Other than the foregoing, the parties do not anticipate any issues related to claims of privilege.

## XII. Rule 26(a)(3) Disclosures and Objections

The parties agree that because no scheduling order is in place and no discovery has yet occurred, it would be premature to issue Rule 26(a)(3) disclosures and objections at this time. The parties propose disclosing such information and objections consistent with LR 26-1(b)(5) as described below.

## XIII. Deadlines Pursuant to Local Rule 26-1

### A. Completion of Discovery

The parties do not anticipate any changes to the timing, form, or requirements for disclosures under Rule 26(a). The parties agree to exchange initial disclosures, if applicable, within 14 days after the Court has issued rulings on both FINRA's pending Motion to Dismiss (Doc. 11) and the Trusts' Motion to Remand (Doc. 17).

FINRA first appeared in this matter through its Notice of Removal (Doc. 1) on May 9, 2019. Accordingly, pursuant to LR 26-1(b)(1), all discovery should be completed by **Tuesday, November 5, 2019, subject to adjustment depending upon the timing of the Court's resolution of the motions**.

### B. Amending Pleadings and Adding Parties

The parties agree pursuant to LR 26-1(b)(2) that the deadline for filing motions to amend the pleadings or to add parties is **Wednesday, August 7, 2019, subject to adjustment depending upon the timing of the Court's resolution of the motions**.

### C. Dates for Complete Disclosure of Expert Testimony

The parties agree pursuant to LR 26-1(b)(3) that the deadline for expert

-4-

disclosures is **Friday, September 6, 2019, subject to adjustment depending upon the timing of the Court's resolution of the motions**. Any rebuttal expert disclosure is due **Monday, October 7, 2019, subject to adjustment depending upon the timing of the Court's resolution of the motions**.

### D.     Dispositive Motions

The parties agree pursuant to LR 26-1(b)(4) that the deadline for filing any dispositive motions is **Thursday, December 5, 2019, subject to adjustment depending upon the timing of the Court's resolution of the motions**.

### E.     Joint Pretrial Order

The parties agree pursuant to LR 26-1(b)(5) that the deadline for filing the proposed joint pretrial order is **Monday, January 6, 2020**, **subject to adjustment depending upon the timing of the Court's resolution of the motions**, unless dispositive motions are filed, in which case the deadline for filing the proposed joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. The proposed joint pretrial order must include those disclosures required by Federal Rule of Civil Procedure 26(a)(3) and any objections to them.

**THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b).**

## XIV.  Alternative Dispute Resolution

The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration and do not believe this case will benefit from either of those processes. The parties do not believe there is any prospect for settlement.

## XV.   Jury Trial

This matter will not be tried to a jury. A trial, if any were to occur, would be limited to 2 days. The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 and

the use of the Short Trial Program (General Order 2013-01).  Neither party consents to trial by a magistrate judge or to the use of the Short Trial Program.

XVI. **Other Matters**

None.

RESPECTFULLY SUBMITTED this 15th day of July, 2019.

| LEACH KERN GRUCHOW ANDERSON SONG | SNELL & WILMER L.L.P. |
|---|---|
| */s/ Gregory Schneider* | */s/ William E. Peterson* **(with permission)** |
| Sean L. Anderson | William E. Peterson |
| Nevada Bar No. 7259 | Janine C. Prupas |
| Ryan D. Hastings | SNELL & WILMER L.L.P. |
| Nevada Bar No. 12394 | 50 West Liberty Street, Suite 510 |
| 2525 Box Canyon Drive | Reno, Nevada 89501 |
| Las Vegas, Nevada 89128 | |

Gregory A. Davis (*pro hac vice*)
Gregory Schneider (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
1 E. Washington St., Suite 2700
Phoenix, Arizona 85004

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), the undersigned, an employee of SQUIRE PATTON BOGGS (US) LLP., hereby certifies that on the 15th day of July, 2019, a copy of the foregoing, **JOINT CASE MANAGEMENT REPORT** was electronically filed with the Clerk of the Court for the United States District Court by using the Court's EM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List as follows:

William E. Peterson
(wpeterson@swlaw.com)
Janine C. Prupas
(jprupas@swlaw.com)
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501

Sean L. Anderson
(sanderson@lkglawfirm.com)
Ryan D. Hastings
(rhastings@lkglawfirm.com)
2525 Box Canyon Drive
Las Vegas, Nevada 89128

Gregory A. Davis
(gregory.davis@squirepb.com)
Gregory Schneider
(gregory.schneider@squirepb.com)
SQUIRE PATTON BOGGS (US) LLP
1 E. Washington St., Suite 2700
Phoenix, Arizona 85004

*/s/   Gregory Schneider*
An Employee of SQUIRE PATTON BOGGS (US) LLP